UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JAMES E. NULL AND MILDRED NULL<br>　　　　　　　PLAINTIFFS<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY<br>1100 Town & Country Road<br>11th Floor Legal Department<br>Orange, California 92868<br><br>SERVE:　Kentucky Secretary of State<br>　　　　　　Capitol Building, Room 154<br>　　　　　　700 Capital Avenue<br>　　　　　　Frankfort, KY 40601<br><br>And<br><br>NATIONS TITLE AGENCY OF INDIANA, INC.<br>9300 Shelbyville Road<br>Louisville, Kentucky 40222<br><br>　　　SERVE:　Jon Clark<br>　　　　　　　9300 Shelbyville Road<br>　　　　　　　Suite 1020<br>　　　　　　　Louisville, Kentucky 40222<br><br>And<br><br>JON CLARK<br>9300 Shelbyville Road<br>Suite 1020<br>Louisville, Kentucky 40222<br>　　　　　　　　DEFENDANTS | Case No. ___3:08cv-47-H____ |

**COMPLAINT**

Comes now, the Plaintiff, James E. Null, et al., and for his Claim against Ameriquest Mortgage Company states as follows:

## I. INTRODUCTION

1. Beginning in the summer of 2002, Plaintiffs discussed refinancing their home and consolidating all their debt with Ameriquest.

2. After much negotiation, Plaintiffs agreed to enter into an agreement to refinance their home, based on the representations of Defendant, Ameriquest.

3. Ameriquest represented at all times that Plaintiffs were approved and ready to close.

4. Ameriquest persuaded them to close by stating that they would refinance the loan in two years.  When the time came to refinance, Ameriquest refused to honor their commitment.

5. As a result, Plaintiffs were harmed by Defendants' unfair, unlawful, and deceptive business practices caused by soliciting, inducing, and closing this residential loan transaction in the State of Indiana.

## II. PARTIES

6. Defendant and Third Party Plaintiff James E. Null and Mildred Null (the "Nulls") are residents of the Commonwealth of Kentucky.

7. Defendant Ameriquest Mortgage Company ("Ameriquest") is a privately held corporation organized under the laws of the State of Delaware with its principal place of business in Orange, California.  Ameriquest is the nation's largest privately held subprime lender.  Ameriquest is a wholly owned subsidiary of privately held Ameriquest Capital Corporation.

8. Defendant Nations Title of Indiana, Inc. is an Indiana corporation with an address of 3939 Priority Way South Dr., Ste 210, Indianapolis, In 46240.

9.  Defendant, Jon Clark, is upon information and belief, an individual resident of the State of Kentucky.

### III. JURISDICTION AND VENUE

10. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 in the United States District Court for the Western District of Kentucky because Plaintiffs and Defendants are residents and citizens of different states and the amount in controversy exceeds the jurisdictional minimum, exclusive of interest and costs. Venue properly lies in the Western District of Kentucky pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred in Louisville in the Western District of Kentucky.

### IV. FACTUAL BACKGROUND

11. In 2002, the Nulls decided to refinance their home.

12. Almost immediately, Ed Smith ("Smith"), an Ameriquest employee and representative, telephoned The Nulls regarding refinancing their home. The Nulls informed Smith of their intent to refinance their debt.

13. Based on Ameriquest's assurances and quick response to their inquiries, the Nulls decided Ameriquest's offer was the best and closed with Ameriquest.

14. At the same time, the Nulls were informed that they would be able to refinance their loan in two years at a rate of 6.5 %.

15. Subsequent to the closing of the 2002 Mortgage, the Nulls were approached by the Title Company to resign their Mortgage and quitclaim deed because the originals were misplaced by the County Clerk.

16. In late 2003, the Nulls approached Ameriquest about refinancing their loan and were told that Ameriquest would not and could not refinance the loans. During the time

that the application was pending, they were informed by representatives of Ameriquest that they should not make their loan payments.

17. Subsequently, the loan refinance request was turned down and the loan was placed in collection and ultimately in foreclosure.

18. Subsequently, the Nulls determined that the Mortgage that was filed with the Barren County Clerk was not the same document they executed. In particular, the notary Jon Clark is unknown to them as he did not attend the closing.

19. The Nulls assert that Ameriquest had represented to them that they would refinance their loan and that there was a commitment to refinance their loan. They would not have financed with Ameriquest had they not been told of the refinance opportunity.

20. In addition, the Nulls assert that there is no valid and enforceable lien on their property as the Kentucky requirements have not been met.

## V. CLAIMS

### COUNT I:
### Violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and Federal Reserve Regulation Z, 12 C.F.R. § 226.1 *et seq.*

21. Plaintiffs restate the allegations contained in paragraphs 1 through 20.

22. Plaintiff, Ameriquest is a creditor within the meaning of the Truth in Lending Act ("TILA") as implemented by Regulation Z.

23. Upon information and belief, Plaintiff violated TILA and Regulation Z by failing to provide Defendants with material disclosures in a form they could keep prior to consummation and notices of right to cancel that were clear, conspicuous, and reflective of the parties' legal obligations.

24. Defendants acted intentionally, maliciously, and with conscious disregard for

Plaintiffs' legal rights and financial well-being.

25. Any and all statute of limitations relating to disclosures and notices required under 15 U.S.C. section 1601 *et seq.* are tolled due to Defendants' failure to effectively provide the disclosures and notices.

26. Defendants have been unjustly enriched at the expense of the Plaintiffs who are therefore entitled to equitable restitution and disgorgement of profits realized by Defendants.

27. The acts of Defendants as described herein were willful, wanton and in conscious disregard of Plaintiffs' rights. As a result, Plaintiffs were injured in an amount in excess of the jurisdictional minimums of this Court.

## COUNT II:
## Predatory Lending

28. Plaintiffs restate the allegations contained in paragraphs 1 through 27.

29. Ameriquest engaged in predatory lending, defined by the U.S. Department of Housing and Urban Development as lending "involving deception or fraud, manipulation of borrowers through aggressive sales tactics, or taking unfair advantage of a borrower's lack of understanding about loan terms," by (a) charging excessive fees, points and interest rates unrelated to the borrower's credit/risk profile; (b) lending without regard to borrowers' ability to repay; (c) imposing excessive prepayment penalties that trap borrowers into predatory loans; (d) engaging in aggressive, high-pressure and/or misleading sales tactics; and (e) falsifying loan documents.

30. Ameriquest knowingly made loans with high loan-to-value ratios putting the Plaintiffs in the position of spending years paying off refinanced loan balances without

5

developing any equity.

31. Ameriquest deceived The Nulls by falsifying loan applications and settlement documents, and forging signatures.

32. Defendants have intentionally, knowingly, recklessly and/or negligently ignored the Predatory Lending Practices committed by their employees and agents, failed to adequately train and supervise employees to prevent those employees from engaging in Predatory Lending Practices, and provided incentives and rewarded employees and agents that engaged in Predatory Lending Practices.

33. Defendants or their agents mislead Plaintiffs into signing loan documents without reading them by misrepresenting their contents and telling borrowers there is no need or time to read them—just "sign here."

34. As a result, Plaintiffs were injured in an amount in excess of the jurisdictional minimums of this Court.

## COUNT III
### Breach of Contract

35. Plaintiffs restate the allegations contained in paragraphs 1 through 34.

36. By failing to provide a loan in accordance with the terms and conditions represented to Plaintiffs, Defendant Ameriquest breached its contract with Plaintiffs.

37. As a result, Plaintiffs have been injured in an amount in excess of the jurisdictional minimums of this Court.

## COUNT IV:
### Fraud and Fraudulent Inducement by Ameriquest

38. Plaintiffs restate the allegations contained in paragraphs 1 through 39.

40. Defendant Ameriquest misrepresented the terms and conditions of the

underlying mortgage transaction to Plaintiffs. This fraud induced Plaintiffs to enter into and retain the mortgage. Defendant knew it was misleading Plaintiffs and did so with the intent to have them execute the loan documents and/or continue the mortgage beyond the rescission period.

41. As a result, Plaintiffs have been injured in an amount in excess of the jurisdictional minimums of this Court.

## COUNT VI:
## Fraud and Fraudulent Inducement by Nations Title

42. Plaintiffs restate the allegations contained in paragraphs 1 through 41.

43. Defendant Nations Title misrepresented the terms and conditions of the underlying mortgage transaction to Plaintiffs. This fraud induced Plaintiffs to enter into and retain the mortgage. Defendant knew it was misleading Plaintiffs and did so with the intent to have them execute the loan documents.

44. As a result, Plaintiffs have been injured in an amount in excess of the jurisdictional minimums of this Court.

## COUNT VII:
## Fraud and Breach of Contract by Third Party Defendant Jon Clark

45. Plaintiffs restate the allegations contained in paragraphs 1 through 44.

46. Defendant Jon Clark fraudulently notarized the Mortgage attached as Exhibit A knowingly having never met the Nulls. Defendant Clark knew he was misleading Plaintiffs and did so with the intent to have them execute the loan documents and/or continue the mortgage beyond the rescission period.

47. As a result, Plaintiffs have been injured in an amount in excess of the jurisdictional minimums of this Court.

## VI.  PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, James and Mildred Null, demand judgment against Defendants Ameriquest, Nations Title and Clark, as follows:

1. A judgment against Defendants in a substantial amount of compensatory and punitive damages in excess of this Court's jurisdictional minimum;

2. A termination of the underlying mortgage and return of all fees paid to or on their behalf;

3. Restitution;

4. A trial by jury;

5. Attorneys' fees and costs pursuant to 15 U.S.C. § 1604(a)(3); and

6. Any and all other relief this Court deems proper.

Respectfully Submitted,

/s/ James K. Murphy
James K. Murphy
Lynch, Cox, Gilman & Mahan, PSC
500 West Jefferson Street, Suite 2100
Louisville, Kentucky  40202
(502) 589-4215
*Counsel for James and Mildred Null*

H:\JMurphy\Null\FEDERAL COMPLAINT.doc

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

3:08cv-47-H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JAMES E. NULL AND MILDRED NULL

### DEFENDANTS
AMERIQUEST MORTGAGE COMPANY, NATIONS TITLE AGENCY OF INDIANA, INC. AND JON CLARK

(b) County of Residence of First Listed Plaintiff: Jefferson, KY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Orange, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
JAMES K. MURPHY, LYNCH, COX, GILMAN & MAHAN, PSC
500 W. Jefferson St., Ste 2100, Louisville, KY 40202 (502)589-4215

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332
Brief description of cause:
Predatory Lending

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 01/17/2008
SIGNATURE OF ATTORNEY OF RECORD: /s/ James K. Murphy

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____