UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In The Matter of ) <br> ) <br> James E. Null and Mildred Null, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AMERIQUEST MORTGAGE COMPANY, ) <br> NATIONS TITLE AGENCY OF INDIANA, ) <br> INC., et al., ) <br> ) <br> Defendants ) | Case No.: 08 C 1584 <br><br> Judge: Marvin E. Aspen |

### DEFENDANT NATIONS TITLE AGENCY OF INDIANA, INC.'S ANSWER TO PLAINTIFF JOHN NULL'S COMPLAINT

Defendant Nations Title Agency of Indiana, Inc. ("Nations Title"), by and through its Attorneys, Hinshaw & Culbertson LLP, as its Answer to Plaintiff James E. Null's Complaint, states as follows:

### I. INTRODUCTION

1. Beginning in the summer of 2002, Plaintiffs discussed refinancing their home and consolidating all their debt with Ameriquest.

**ANSWER:** Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 1 and therefore denies same.

2. After much negotiation, Plaintiffs agreed to enter into an agreement to refinance their home, based on the representations of Defendant, Ameriquest.

**ANSWER:** Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 2 and therefore denies same.

3. Ameriquest represented at all times that Plaintiffs were approved and ready to close.

**ANSWER:** Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 3 and therefore denies same.

4. Ameriquest persuaded them to close by stating that they would refinance the loan in two years. When the time came to refinance, Ameriquest refused to honor their commitment.

**ANSWER:** Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 4 and therefore denies same.

5. As a result, Plaintiffs were harmed by Defendants' unfair, unlawful, and deceptive business practices caused by soliciting, inducing, and closing this residential loan transaction in the State of Indiana.

**ANSWER:** Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 5 and therefore denies same.

## II. PARTIES

6. Defendant and Third Party Plaintiff James E. Null and Mildred Null (the "Nulls") are residents of the Commonwealth of Kentucky.

**ANSWER:** Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 6 and therefore denies same.

7. Defendant Ameriquest Mortgage Company ("Ameriquest") is a privately held corporation organized under the laws of the State of Delaware with its principal place of business in Orange, California. Ameriquest is the nation's largest privately held subprime lender. Ameriquest is a wholly owned subsidiary of privately held Ameriquest Capital Corporation.

**ANSWER:** Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 7 and therefore denies same.

6304069v1 887432

8. Defendant Nations Title of Indiana, Inc. is an Indiana corporation with an address of 3939 Priority Way South Dr., Ste 210, Indianapolis, In 46240.

**ANSWER:** Admitted.

9. Defendant, Jon Clark, is upon information and belief, an individual resident of the State of Kentucky.

**ANSWER:** Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 9 and therefore denies same.

### III. JURISDICTION AND VENUE

10. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 in the United States District Court for the Western District of Kentucky because Plaintiffs and Defendants are residents and citizens of different states and the amount in controversy exceeds the jurisdictional minimum, exclusive of interest and costs. Venue properly lies in the Western District of Kentucky pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred in Louisville in the Western District of Kentucky.

**ANSWER:** The allegations contained in this Paragraph call for a legal conclusion for which no answer is required.

### IV. FACTUAL BACKGROUND

11. In 2002, the Nulls decided to refinance their home.

**ANSWER:** Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 11 and therefore denies same.

12. Almost immediately, Ed Smith ("Smith"), an Ameriquest employee and representative, telephoned The Nulls regarding refinancing their home. The Nulls informed Smith of their intent to refinance their debt.

**ANSWER:** Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 12 and therefore denies same.

13. Based on Ameriquest's assurances and quick response to their inquiries, the Nulls decided Ameriquest's offer was the best and closed with Ameriquest.

**ANSWER:** Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 13 and therefore denies same.

14. At the same time, the Nulls were informed that they would be able to refinance their loan in two years at a rate of 6.5 %.

**ANSWER:** Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 14 and therefore denies same.

15. Subsequent to the closing of the 2002 Mortgage, the Nulls were approached by the Title Company to resign their Mortgage and quitclaim deed because the originals were misplaced by the County Clerk.

**ANSWER:** Assuming for purposes of answering this Paragraph only that Plaintiffs reference to "the Title Company" means Defendant Nations Title, Defendant denies the allegations contained in Paragraph 15.

16. In late 2003, the Nulls approached Ameriquest about refinancing their loan and were told that Ameriquest would not and could not refinance the loans. During the time that the application was pending, they were informed by representatives of Ameriquest that they should not make their loan payments.

**ANSWER:** Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 16 and therefore denies same.

17.   Subsequently, the loan refinance request was turned down and the loan was placed in collection and ultimately in foreclosure.

**ANSWER:**   Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 17 and therefore denies same.

18.   Subsequently, the Nulls determined that the Mortgage that was filed with the Barren County Clerk was not the same document they executed. In particular, the notary Jon Clark is unknown to them as he did not attend the closing.

**ANSWER:**   Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 18 and therefore denies same.

19.   The Nulls assert that Ameriquest had represented to them that they would refinance their loan and that there was a commitment to refinance their loan. They would not have financed with Ameriquest had they not been told of the refinance opportunity.

**ANSWER:**   Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 19 and therefore denies same.

20.   In addition, the Nulls assert that there is no valid and enforceable lien on their property as the Kentucky requirements have not been met.

**ANSWER:**   Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 20 and therefore denies same.

## V. CLAIMS

### COUNT I:

**VIOLATION OF THE TRUTH IN LENDING ACT, 15 U.S.C. § 1601 ET SEQ. AND FEDERAL RESERVE REGULATION Z, 12 C.F.R. § 226.1 ET SEQ.**

21.   Plaintiffs restate the allegations contained in paragraphs 1 through 20.

**ANSWER:** Defendant repeats and reasserts its Answers to Paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff, Ameriquest is a creditor within the meaning of the Truth in Lending Act ("TILA") as implemented by Regulation Z.

**ANSWER:** The allegations contained in this Paragraph call for a legal conclusion for which no answer is required.

23. Upon information and belief, Plaintiff violated TILA and Regulation Z by failing to provide Defendants with material disclosures in a form they could keep prior to consummation and notices of right to cancel that were clear, conspicuous, and reflective of the parties' legal obligations.

**ANSWER:** The allegations contained in this Paragraph call for a legal conclusion for which no answer is required.

24. Defendants acted intentionally, maliciously, and with conscious disregard for Plaintiffs' legal rights and financial well-being.

**ANSWER:** As to Defendant Nations Title, the allegations contained in Paragraph 24 are denied.

25. Any and all statute of limitations relating to disclosures and notices required under 15 U.S.C. section 1601 et seq. are tolled due to Defendants' failure to effectively provide the disclosures and notices.

**ANSWER:** The allegations contained in this Paragraph call for a legal conclusion for which no answer is required.

26. Defendants have been unjustly enriched at the expense of the Plaintiffs who are therefore entitled to equitable restitution and disgorgement of profits realized by Defendants.

6

**ANSWER:** The allegations contained in this Paragraph call for a legal conclusion for which no answer is required.

27. The acts of Defendants as described herein were willful, wanton and in conscious disregard of Plaintiffs' rights. As a result, Plaintiffs were injured in an amount in excess of the jurisdictional minimums of this Court.

**ANSWER:** The allegations contained in this Paragraph call for a legal conclusion for which no answer is required.

## COUNT II:

## PREDATORY LENDING

28. Plaintiffs restate the allegations contained in paragraphs 1 through 27.

**ANSWER:** Defendant repeats and reasserts its Answers to Paragraphs 1 through 27 as though fully set forth herein.

29. Ameriquest engaged in predatory lending, defined by the U.S. Department of Housing and Urban Development as lending "involving deception or fraud, manipulation of borrowers through aggressive sales tactics, or taking unfair advantage of a borrower's lack of understanding about loan terms," by (a) charging excessive fees, points and interest rates unrelated to the borrower's credit/risk profile; (b) lending without regard to borrowers' ability to repay; (c) imposing excessive prepayment penalties that trap borrowers into predatory loans; (d) engaging in aggressive, high-pressure and/or misleading sales tactics; and (e) falsifying loan documents.

**ANSWER:** The allegations contained in this Paragraph call for a legal conclusion for which no answer is required.

6304069v1 887432

30. Ameriquest knowingly made loans with high loan-to-value ratios putting the Plaintiffs in the position of spending years paying off refinanced loan balances without developing any equity.

**ANSWER:** Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 30 and therefore denies same.

31. Ameriquest deceived The Nulls by falsifying loan applications and settlement documents, and forging signatures.

**ANSWER:** Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 31 and therefore denies same.

32. Defendants have intentionally, knowingly, recklessly and/or negligently ignored the Predatory Lending Practices committed by their employees and agents, failed to adequately train and supervise employees to prevent those employees from engaging in Predatory Lending Practices, and provided incentives and rewarded employees and agents that engaged in Predatory Lending Practices.

**ANSWER:** As to Defendant Nations Title, the allegations contained in Paragraph 32 are denied.

33. Defendants or their agents mislead Plaintiffs into signing loan documents without reading them by misrepresenting their contents and telling borrowers there is no need or time to read them just "sign here."

**ANSWER:** As to Defendant Nations Title, the allegations contained in Paragraph 33 are denied.

34. As a result, Plaintiffs were injured in an amount in excess of the jurisdictional minimums of this Court.

**ANSWER:** As to Defendant Nations Title, the allegations contained in Paragraph 32 are denied.

## COUNT III

## BREACH OF CONTRACT

The allegations contained in Count III are not against Defendant Nations Title and therefore no answer is required.

## COUNT IV:

## FRAUD AND FRAUDULENT INDUCEMENT BY AMERIQUEST

The allegations contained in Count IV are not against Defendant Nations Title and therefore no answer is required.

## COUNT VI:

## FRAUD AND FRAUDULENT INDUCEMENT BY NATIONS TITLE

35.    Plaintiffs restate the allegations contained in paragraphs 1 through 41.

**ANSWER:** Defendant repeats and reasserts its Answers to Paragraphs 1 through 41 as though fully set forth herein.

36.    Defendant Nations Title misrepresented the terms and conditions of the underlying mortgage transaction to Plaintiffs. This fraud induced Plaintiffs to enter into and retain the mortgage. Defendant knew it was misleading Plaintiffs and did so with the intent to have them execute the loan documents.

**ANSWER:** Denied.

37.    As a result, Plaintiffs have been injured in an amount in excess of the jurisdictional minimums of this Court.

**ANSWER:** Denied.

6304069v1 887432

## COUNT VII:

## FRAUD AND BREACH OF CONTRACT BY THIRD PARTY DEFENDANT JON CLARK

The allegations contained in Count VII are not against Defendant Nations Title and therefore no answer is required.

Respectfully Submitted,

NATIONS TITLE AGENCY OF INDIANA, INC.

By: /s/ Yvonne C. Ocrant
One of its attorneys

Yvonne C. Ocrant
ARDC No. 6270381
HINSHAW & CULBERTSON LLP
222 North LaSalle Street - Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000
(312) 704-3001 fax
yocrant@hinshawlaw.com

6304069v1 887432

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In The Matter of<br>James E. Null and Mildred Null,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY,<br>NATIONS TITLE AGENCY OF INDIANA,<br>INC., et al.,<br><br>Defendants | )<br>)<br>) Case No.: 08 C 1584<br>)<br>)<br>)<br>) Judge Marvin E. Aspen<br>)<br>)<br>)<br>)<br>)<br>) |

NOTICE OF FILING

To:   SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE THAT on **May 6, 2008**, I shall cause to be filed with the United States District Court for the Northern District of Illinois, Eastern Division, Chicago, Illinois, **DEFENDANT Nations Title Agency of Indiana, Inc.'s Answer to Plaintiff John Null's Complaint**, a copy of which is attached hereto and herewith served upon you.

| NAME: | HINSHAW & CULBERTSON LLP | ATTORNEYS FOR: | DEFENDANT |
|---|---|---|---|
| ADDRESS: | 222 N. LASALLE ST. - STE. 300 | CITY: | CHICAGO |
| TELEPHONE: | (312) 704-3000 | ATTY ID NO. | 90384 |

PROOF OF SERVICE BY MAIL

I on oath state that I served the aforesaid document to All Counsel of Record by electronically filing with the clerk of the U.S. District Court for the Northern District of Illinois Eastern Division, using the CM\ECF system which will send notification of such filings to the attached service list at or before 5:00 p.m. on May 6, 2008.

[X] Under penalties as provided by law pursuant
to Ill.Rev.Stat. Ch. 110, Sec.1-109, I certify that
the statements set forth herein are true and correct.

_____/s/Yvonne C. Ocrant_____

6315162v1 887432

Matter No.: 887432

## SERVICE LIST

**Attorney for Plaintiffs – James E. Null and Mildred Null**

James K. Murphy
Lynch Cox Gillman & Mahan PSC
500 West Jefferson Street - Suite 2100
Louisville, KY 40202

(502) 589-4994

**Attorney for Defendant – Ameriquest Mortgage Company**

Harry W. Cappel
Nathan Hugh Blaske
Grayon Head & Ritchey
511 Walnut Street
Suite 1900
Cincinnati, Ohio 45202

(513) 629-2709     (513) 651-3836 FAX

**Attorney for Defendant – Jon Clark**

Marvin R. O'Koon
Nicholas K. Haynes
O'Koon Hintermeister, PLLC
500 West Jefferson Street
1100 PNC Plaza
Louisville, KY 40202

(502) 581-1630     (502) 581-1821 FAX

**Attorney for Defendant – Nations Title Agency of Indiana, Inc.**

Yvonne C. Ocrant
ARDC No. 6270381
HINSHAW & CULBERTSON LLP
222 North LaSalle Street - Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000     (312) 704-3001 fax
yocrant@hinshawlaw.com

6315182v1 887432